# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY RUSHING and**
**BOOKER ROSS,**

**Plaintiff,**

**-vs-**                                                    **Case No.  6:06-cv-436-Orl-19KRS**

**EDGAR QUINTIN, INC.,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT** (Doc. No. 45) |
| **FILED:** | **April 11, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

On May 1, 2007, I held a hearing to consider the fairness of the settlement. Counsel for the plaintiffs proffered that the records maintained by the defendants did not show that the plaintiffs worked any uncompensated overtime. Thus, there was a significant risk that the plaintiffs' testimony about overtime they worked would not be found to be credible. Accordingly, the plaintiffs agreed to settle the case for payment of some of the claimed due but unpaid overtime compensation, although not the full amount originally sought. Based upon the disputed issues of fact, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, I respectfully recommend that the Court approve the Mediation Settlement Agreement submitted by the parties, doc. no. 47, thereby agreeing to enforce the terms of the settlement agreement as if it were incorporated into a final judgment. I further recommend that, thereafter, the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 2, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-2-